## UNITED STATES v. BLOCK & KOHNER MERCANTILE CO.

District Court, E. D. Missouri, E. D. January 10, 1929.

No. 7784.

Holland, Rutledge & Lashly, of St. Louis, Mo., for defendant.

DAVIS, District Judge. This is an action to recover the sum of $1,691.94, with interest, income and profit taxes alleged to be due from the defendant for the calendar year of

1919. The parties have waived a jury and filed an agreed statement of facts.

The defendant, on February 1, 1919, entered into a written contract with one Jake Weinbach and wife, in which it was agreed that Weinbach would enter the employ of the defendant at a salary of $4,800 a year, payable monthly. It was further agreed that Weinbach's wife was to deposit $5,000 with the defendant, and that in addition to the salary one-third of the net profits realized by the defendant during the continuance of the contract should be paid to Weinbach and his wife. The term of the contract was three years, unless the parties mutually agreed to terminate it sooner, or one of the parties gave six months' notice to the other of his intention to terminate it. It was also provided that, if net losses resulted from the operation of the business during the period of the contract, one-third of any such losses should be deducted by the defendant from the $5,000 deposited with it.

Weinbach entered into the employ of the defendant on February 1, 1919, under the terms of the contract and worked continuously until May 17, 1921, when, because of the losses sustained in the business, the contract was terminated by mutual agreement of the parties. One-third of the net profits of the defendant from February 1, 1919, to December 31, 1919, amounted to $5,193.27. The defendant credited this amount on its books to Weinbach as of December 31, 1919, and deducted this amount from its gross income as a deduction for ordinary and necessary expense for carrying on a trade or business. At the end of 1920, one-third of the losses sustained in that year was debited to Weinbach's account, and upon the termination of the contract on May 27, 1921, one-third of the losses for the remaining period, between January 1, 1921, and May 27, 1921, was also debited to Weinbach's account. The losses so debited in 1920 and 1921 were then deducted from the profits, and, and as they exceeded the profits realized in 1919, the result was that Weinbach received nothing from the corporation as a share in the profits, while on the other hand the amount of $5,000 deposited as a guaranty to share in the net losses was practically consumed.

The statute involved in this case is the Revenue Act of 1918, § 234 (40 Stat. 1077):

"Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession of property to which the corporation has not taken or is not taking title, or in which it has no equity."

The question that has arisen is whether or not the defendant corporation was entitled under the above statute to deduct, as an ordinary and necessary expense for the year 1919, the amount of $5,193.27, credited to the account of Weinbach in that year under the contract to share profits and losses.

The statute provides that a taxpayer in computing its net income shall be allowed to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." So, that the question directly involved is whether the sum of $5,192.27, credited to the account of the salesman Weinbach, was an ordinary and necessary expense incurred during the year of 1919.

The word "incur" means "to become liable or subject to; to bring down upon ones self; as, to incur debt, danger, displeasure, penalty, responsibility, etc." Webster's New International Dictionary. "Incur" is said to be synonomous with the word "accrue."

Under the terms of the contract set out in the agreed statement of facts, the accounting of profits or losses between Weinbach and the defendant was to be made at the termination of the contract. The contract was terminated by mutual agreement on May 17, 1921, at which time the parties adjusted their accounts and ascertained that losses had been sustained, and Weinbach's part of the said losses were deducted from the deposit which his wife had made with the defendant. However, during the first year of the contract, 1919, the defendant had made a profit, and Weinbach's proportion of that profit was $5,193.27. So, the defendant on its books credited Weinbach's account for the year 1919 with this sum and deducted it as an expense in computing its net income for that year. It did not pay that sum to the defendant during that year, or at any other time. It did not become liable to pay this sum to its salesman because profits or losses were not to be annually adjusted, but to await the end of the whole period of the contract.

The defendant's books, at the end of the year 1919, reflected this credit to Weinbach. It did not represent a sum due the salesman at that time. It represented a sum that

would become due the salesman for the year 1919, provided the business continued to show a profit for each of the subsequent years of the life of the contract. If the business had shown a loss for either year of 1920 or 1921, then the above share of the profits credited to Weinbach would have been reduced by his share of the loss. This is what actually occurred. The business did show a loss during both of these subsequent years, so that the defendant actually never became liable to the salesman for any amount of profits.

Reliance is placed on the fact that the defendant kept its books on the accrual basis, that is, by charging against income earned during the taxable period the expenses incurred in the process of earning income during that period, and not upon the basis of actual receipts and disbursement. It is essential under any system of keeping books that, before an item can be set up as an expense, it must represent an actual outlay or an actual obligation to make an outlay. The plaintiff will permit the taxpayer to adopt its own method of keeping books, but, whatever the system, the entries are not to be regarded as conclusive. The taxpayer is required to make a return upon its actual income. In so far as its books reveal the actual condition they are to be accepted, but not otherwise. See section 212 of the Revenue Act of 1918 (40 Stat. 1064).

Under the facts of this case it cannot be said that the defendant incurred this item of expense for the year 1919. The defendant was not entitled to deduct this amount from its gross income for that year. This view is sustained by United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; Edwards v. Keith (C. C. A.) 231 F. 110; Holmes Federal Taxes (6th Ed.) p. 1248.

Judgment for plaintiff.

Tax due .......................................... $1,691 94
6 per cent. interest 2/26/26 to 1/10/29........ 291 80
                                                 ———————
                                                 $1,983 74